**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GILBERTO MINAYA-RODRIGUEZ, | : | Civil No. 3:23-cv-1725 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, FCI-ALLENWOOD LOW, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Gilberto Minaya-Rodriguez ("Minaya-Rodriguez"), an inmate currently confined at the Low Security Correctional Institution Allenwood, in White Deer, Pennsylvania ("LSCI-Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Minaya-Rodriguez asserts that the Bureau of Prisons ("BOP") has been unlawfully denying and revoking inmates' time credits under the First Step Act ("FSA"). (*Id.*). For the reasons set forth below, the Court will deny the habeas petition.

## I. Background

Minaya-Rodriguez is serving a 24-month term of imprisonment imposed by the United States District Court for the Southern District of New York for racketeering and engaging in monetary transactions in property derived from specified unlawful activity. (Doc. 9-1, pp. 5-7). Minaya-Rodriguez's projected release date is February 7, 2024, via

FSA earned time credit release. *See* Federal Bureau of Prisons' Inmate Locator, available at: https://www.bop.gov/inmateloc/ (last accessed December 4, 2023).

The Administrative Remedy Generalized Retrieval reveals that Minaya-Rodriguez has not filed any administrative remedies while in BOP custody. (Doc. 9-1, p. 8).

The BOP has assessed Minaya-Rodriguez as having earned eighty (80) days of FSA time credits applied towards early release. (*Id.* at p. 9).

Minaya-Rodriguez appears to bring this action on behalf of eighty-eight (88) inmates at LSCI-Allenwood and alleges that the BOP has unlawfully denied and revoked those inmates' FSA time credits. (Doc. 1). Respondent argues that Minaya-Rodriguez's § 2241 petition must be denied because: (1) he failed to exhaust his administrative remedies; (2) he has been accruing FSA time credits and is currently eligible to have his credits applied; and (3) he may not bring this habeas action on behalf of other inmates who are subject to final order of deportation. (Doc. 9).

## II. Discussion

### A. Exhaustion of Administrative Review

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency

to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized

Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Minaya-Rodriguez's Administrative Remedy Generalized Retrieval report reveals that he failed to exhaust the claims in the instant habeas petition. (Doc. 9-1, p. 8). The undisputed record reflects that Minaya-Rodriguez has not filed any administrative remedies during his incarceration. (*Id.*). Minaya-Rodriguez has not presented any argument that he should be excused from exhausting administrative remedies with respect to his present claims. Minaya-Rodriguez's claim is the type of FSA earned-time-credit dispute that must first be properly exhausted through the BOP system. Moreover, even if Minaya-Rodriguez thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Thus, Minaya-Rodriguez's § 2241 petition must be dismissed for failure to exhaust his administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Minaya-Rodriguez to invoke the judicial process despite failing to complete administrative review. Nevertheless, the Court will address the merits of his petition below.

### B. Merits of the Habeas Petition

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. *See* 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id.* § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of

recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. *See id.* These FSA time credits can be applied towards earlier placement in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(C).

Here, BOP records confirm that, as of October 28, 2023, Minaya-Rodriguez has earned eighty (80) days of FSA time credits applied towards early release. (Doc. 9-1, p. 9). Minaya-Rodriguez contends that the BOP unlawfully revokes FSA time credits when an inmate becomes subject to a final order of deportation. (Doc. 1, p. 2). However, Respondent submitted the Declaration of Jennifer Knepper, BOP Supervisory Attorney, wherein she notes that although a detainer has been lodged against Minaya-Rodriguez, the BOP has no documentation to show that he is subject to a final order of deportation. (Doc. 9-1, p. 4 ¶ 7). She further notes that Minaya-Rodriguez will continue to accrue credits that will be applied if he remains in earning status. (*Id.*). Because Minaya-Rodriguez is eligible to earn FSA time credits and is currently eligible to have those credits applied, the habeas petition must be denied as he has failed to demonstrate that the BOP is revoking his FSA time credits.

### C. Habeas Action Filed on Behalf of Other Inmates

Minaya-Rodriguez purports to bring this habeas petition on behalf of eighty-eight (88) other named inmates at LSCI-Allenwood. (Doc. 1, pp. 5-8). 28 U.S.C. § 2242 permits the filing of a habeas corpus petition by someone acting on behalf of the petitioner. Pursuant to

28 U.S.C. § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." Here, the other inmate-petitioners did not sign the petition. (*See* Doc. 1). However, under the provisions of § 2242, the signing of the habeas corpus petition by Minaya-Rodriguez on the other inmates' behalf is acceptable.

While Minaya-Rodriguez may arguably sign the § 2241 petition on behalf of the other inmates, the remaining question is whether he, as a *pro se* litigant, can adequately represent their interests. Pursuant to Rule 23 of the Federal Rules of Civil Procedure there are four prerequisites which must be met before Minaya-Rodriguez's proposed class action may be certified. To obtain class certification, Minaya-Rodriguez must show that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a); *see also Gonzalez v. Owens Corning*, 885 F.3d 186, 192 (3d Cir. 2018) ("The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence"). A district court can only certify a class if all four requirements of Rule 23(a) are met. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n. 6 (3d Cir. 2008); *In re Prudential Ins. Co. of America Sales Practice Litigation*, 148 F.3d 283, 308-09 (3d Cir. 1998). Since all four of these elements must be met before a class action may be certified, the failure to satisfy any single element is fatal to

Minaya-Rodriguez's proposed inmate class action. Once all four requirements of Rule 23(a) are satisfied, the class may be certified if at least one of the three subsections of Rule 23(b) are met. FED. R. CIV. P. 23(b).

Turning first to Rule 23(a)'s requirement that "the representative parties will fairly and adequately protect the interests of the class," the Court finds that Minaya-Rodriguez cannot serve as a fair and adequate class representative. FED. R. CIV. P. 23(a)(4). In this regard, Minaya-Rodriguez clearly intends to personally direct this class action. (*See* Doc. 1). Minaya-Rodriguez is a *pro se* prisoner without formal training in the law and would not be able to adequately represent the interests of the class and maintain the suit as a class action.[1] It is well-settled that "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." *Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 249, 250 n. 1 (3d Cir. 2005) (citations omitted). Thus, "*pro se* litigants are generally not appropriate as class representatives." *Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) (citation omitted). Since Minaya-Rodriguez, a *pro se* inmate litigant, intends to serve as a class representative, any request for class certification does not meet the threshold consideration that the representative party will fairly and adequately protect the interests of the class. Accordingly, Minaya-Rodriguez cannot pursue this matter as a class action on behalf of fellow inmate-petitioners. Because Minaya-Rodriguez fails to satisfy at least one of the

---

[1] There is no indication that Minaya-Rodriguez is an attorney.

requirements of Rule 23(a), the Court need not consider whether he has shown that the proposed class satisfies one of the three requirements listed in Rule 23(b).

## III. Conclusion

Based on the foregoing, the Court will deny the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December 4, 2023